**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 1:25-cv-04051-RMR

ALBERT JOSHUA RAMIREZ ANDRADE,

    Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
ROBERT HAGAN, Director of the Denver Field Office for U.S. Immigration and Customs Enforcement, in his official capacity;
KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity,
TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity,
PAMELA BONDI, Attorney General of the United States, in her official capacity,

    Respondents.

---

**ORDER**

---

Pending before the Court is Petitioner Albert Joshua Ramirez Andrade's ("Mr. Ramirez") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, and Motion for Temporary Restraining Order And/Or Preliminary Injunction ("Motion"), ECF No. 4. Respondents filed a Consolidated Response to the Petition and Motion, ECF No. 13, and Mr. Ramirez filed a Reply to the Response, ECF No. 16. The Court has reviewed the Petition, the Motion, the related briefing, and the applicable case law. For the reasons stated below, the Petition, ECF No. 1, is GRANTED and the Motion, ECF No. 4, is DENIED AS MOOT.

## I. BACKGROUND[1]

Mr. Ramirez is a native citizen of Venezuela and has lived in the United States since February 2024. Prior to his incarceration, Mr. Ramirez resided in Denver, Colorado with his U.S. citizen fiancé. He worked as a mechanic and handyman to support his U.S. citizen partner and stepchildren. He has no criminal history. In March 2024, U.S. Customs and Border Protection ("CPB") issued a Notice to Appear ("NTA") initiating removal.

On December 17, 2025, Mr. Ramirez filed the Petition and Motion arguing that Respondents have unlawfully mandated his continued detention and that he is an ideal candidate for bond.

## II. LEGAL STANDARD

### A. Habeas Corpus Relief

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus proceedings under 28 U.S.C. § 2241 "remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Singh v. Choate*, No. 23-cv-02069-CNS, 2024 WL 309747, at *1 (D. Colo. Jan. 26, 2024) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *see also Hernandez-Ceren v. Wolf*, No. 20-cv-01628-RM, 2020 WL 3036074, at *1 (D. Colo. June 6, 2020) ("[A] person subject to removal is in custody for habeas purposes.").

---

[1] The following facts are taken from Mr. Ramirez's Petition (ECF No. 1), Motion (ECF No. 4), Respondent's Response (ECF No. 13), and Mr. Ramirez's Reply (ECF No. 16). These facts are undisputed unless otherwise stated.

The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time, is unlawful." *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020).

### B. Temporary Restraining Order/Preliminary Injunction

To obtain a temporary restraining order, the moving party must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotation omitted); *see also Wiechmann v. Ritter*, 44 F. App'x 346, 347 (10th Cir. 2002) (the standard for a temporary restraining order is the same as the standard for a preliminary injunction). A party seeking an injunction must demonstrate that "all four of the equitable factors weigh in its favor," *Sierra Club, Inc. v. Bostick*, 539 F. App'x 885, 888 (10th Cir. 2013), and a "plaintiff's failure to prove any one of the four preliminary injunction factors renders its request for injunctive relief unwarranted," *Vill. of Logan v. U.S. Dep't of Interior*, 577 F. App'x 760, 766 (10th Cir. 2014).

### C. Detention Under 8 U.S.C. § 1225(b)

In this case, Respondents further argue that Petitioner is in ICE custody pursuant to 8 U.S.C. § 1225(b)(1)(A)(iii)(II). Section 1225 governs "inspection by immigration

3

officers" and "expedited removal of inadmissible arriving aliens." *See generally* 8 U.S.C. § 1225. Section 1225(b)(1)(A) relates specifically to the "screening" of "certain other aliens," described as:

> [A]n alien who is not described in subparagraph (F), who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph.

*Id.* § 1225(b)(1)(A)(iii)(II). The statute explains that "screening" generally occurs:

> [i]f an immigration officer determines that an alien (other than an alien described in subparagraph (F) who is arriving in the United States or is described in clause (iii) is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title, the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution.

*Id.* § 1225(b)(1)(A)(i). If an alien "indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution, the officer shall refer the alien for an interview by an asylum officer under subparagraph (B)." *Id.* § 1225(b)(1)(A)(ii).

### III.   ANALYSIS

#### A.   Habeas Relief Under 28 U.S.C. § 2241 (ECF No. 1)

Mr. Ramirez brings seven claims for relief: (1) Count I: Respondents jail Mr. Ramirez in violation of 8 U.S.C. § 1226(a); (2) Count II: Respondents are detaining Mr. Ramirez in violation of the INA Bond Regulations (8 C.F.R. §§ 236.1, 1236.1 & 1003.19); (3) Count III: Respondents are detaining Mr. Ramirez in violation of the Administrative Procedures Act ("APA") (5 U.S.C. § 706(2)); (4) Count IV: Respondents detain Mr. Ramirez in violation of his Fifth Amendment Due Process rights; (5) Count V: Violation of

4

the Fifth Amendment of the U.S. Constitution Procedural Due Process; (6) Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) Arbitrary and Capricious; and (7) Violation of the INA: Request for Relief Pursuant to *Maldonado Bautista*. ECF No. 1 at 16-20. Ultimately, the parties disagree on which statutory scheme—8 U.S.C. § 1226(a) or § 1225(b)(2)(A)—controls Petitioner's detention. Petitioner contends that "this case concerns the discretionary detention provision at 8 U.S.C. § 1226(a)," ECF No. 1 at 5, while Respondents argue that Petitioner "is an applicant for admission within the scope of § 1225(b)(2)," ECF No. 12 at 2.

### 1. Count I: Respondents Jail Mr. Ramirez in Violation of 8 U.S.C. § 1226(a)

This Court has previously analyzed the plain language, legislative history, and past practice of § 1225 compared to § 1226 and determined "§ 1225(b)(2) only applies to noncitizens 'seeking admission' and inspected while trying to enter the country, and not to noncitizens who have lived in the United States continuously for over two years." *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 2962908, at *5-9 (D. Colo. Oct. 17, 2025). Section § 1225(b)(1) states that if an immigration officer determines that an alien "who has not been admitted or paroled into the United States . . . is inadmissible under section 1183(a)(6)(C) or 1182(a)(7) of this title, the office shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum . . . or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i). The statute specifically excludes individuals who have been admitted or paroled into the United States.

5

The District of Columbia District Court has "determined that under 8 U.S.C. § 1225(b)(1)(A)(iii)(II), a person who has been paroled without first having been placed in expedited removal <u>cannot be designated for expedited removal</u>." *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2675785, at *5 (E.D. Cal. Sept. 18, 2025) (referencing *Coal. for Humane Immigrant Rts. v. Noem*, No. 25-CV-872 (JMC), 2025 WL 2192986, at *5 (D.D.C. Aug. 1, 2025). "Noncitizens may be eligible for expedited, rather than section 240, removal only if they are inadmissible on the basis that they either lack proper entry documents or falsified or misrepresented their application for admission." *Coal. For Humane Immigrant Rts*, 2025 WL 2192986, at *5 (citing 8 U.S.C. § 1225(b)(1)(A)(i). The *Coalition* court held that § 1225(b)(1)(A)(iii) "forbids the expedited removal of noncitizens who have been, at any point in time, paroled into the United States. *Id.* at *22.

Here, Mr. Ramirez arrived in the United States in February 2024. He was released on conditional parole on March 3, 2024 when he was released on his own recognizance, ECF No. 4-3, after his March 2, 2024 Notice to Appear, ECF No. 13-1 at 2. "A person on conditional parole is usually released on their own recognizance subject to certain conditions such as reporting requirements. To be released on conditional parole, there must be a finding that the immigrant does not pose a risk of flight or danger to the community."[2] *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2675785, at *6 (E.D. Cal. Sept. 18, 2025). "Conditional parole provides a mechanism of release on recognizance, without payment of a bond, at the discretion of the government." *Rosado*

---

[2] The *Espinoza* court notes that "[a]n immigrant cannot be released on conditional parole if they are subject to mandatory detention under § 1226(c)." *Id*. at *6 n.8. Here, there is no suggestion that § 1226(c) applies.

6

*v. Figueroa*, No. CV 25-02157 PHX DLR (CDB), 2025 WL 2337099, at *7 (D. Ariz. Aug. 11, 2025), *report and recommendation adopted sub nom. Rocha Rosado v. Figueroa*, No. CV-25-02157-PHX-DLR (CDB), 2025 WL 2349133 (D. Ariz. Aug. 13, 2025). "Notably, release on conditional parole is not deemed as being paroled into the United States with the attached reservation of rights by the government, but instead this status 'provides a mechanism whereby an alien may be released pending the determination of removal, as long as [he] is not a 'danger to persons to property' and 'is likely to appear for any further proceeding.'" *Id.*

The *Rosado* court found that "Rosado's presence in the United States after her inspection and release into the United States in October 2018, and after her Notice to Appear hearing, has been on de facto conditional parole pursuant to § 1226." *Id.* The court noted that "[n]one of the documents issued to Rosado or presented to the Court makes any reference to Rosado having been 'paroled' into the United States, although she was clearly released into the United States after inspection, after being found inadmissible, and her release was continued after her Notice to Appear hearing and after she filed her application for asylum and withholding of removal." *Id.* Similarly, Mr. Ramirez was released into the United States after inspection, after being found inadmissible, and his release was continued after his Notice to Appear was issued. Mr. Ramirez has continuously lived in Denver, Colorado, and is not a flight risk. He has no criminal history and is not a danger to the community. Therefore, he too has been on de facto conditional parole pursuant to § 1226.

To date, there is no evidence that Mr. Ramirez has been provided a bond hearing. Therefore, his current detention violates § 1226(a), and the Court will grant his Petition on Count I.[3]

### B. Temporary Restraining Order and Preliminary Injunction

In his Motion, Mr. Ramirez requests temporary restraining order and/or preliminary injunction ordering Respondents release him from custody or provide him a bond hearing within 7 days. ECF No. 4 at 19. Because the Court's ruling affords Petitioner the relief he seeks, the Court need not address Petitioner's remaining arguments at this time, and the motion, ECF No. 4, which seeks the same relief as the Petition, is DENIED AS MOOT. *See Loa Caballero v. Baltazar*, et al., No. 1:25-cv-3120-NYW, 2025 WL 2977650, at *8 (D. Colo. Oct. 22, 2025) (declining to rule on petitioner's remaining claims after granting petitioner all relief sought under § 1226(a)).

### IV.   CONCLUSION

For the reasons stated above, the Court GRANTS Mr. Ramirez's Petition for Writ of Habeas Corpus, ECF No. 1. The Court further ORDERS that Respondents must release Mr. Ramirez immediately until he receives a bond hearing before an IJ under § 1226(a), at which the Government shall bear the burden of justifying by clear and convincing evidence of dangerousness or flight risk. Respondents shall file a status report within **two days** of this Court's order to certify compliance as to Mr. Ramirez's release. It is further ORDERED that Respondents shall provide petitioner with a bond hearing under

---

[3] Because the Court will grant the habeas petition on the basis of Count I, it will not reach Mr. Ramirez's other claims. *See Hernandez v. Baltazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this time because the Court grants the relief Petitioner seeks based on the applicability of § 1226(a)."

8 U.S.C. § 1226(a) within **seven days** of the date of this Court's order. It is further ORDERED that within **five days** of Petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED: March 4, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge